## PRIESS v. DUBILIER.
### Patent Appeal No. 2913.

Court of Customs and Patent Appeals.
April 11, 1932.

Philip Farnsworth, of New York City (Cushman, Bryant & Darby, of Washington, D. C., and Hyland R. Jones, of New York City, of counsel), for appellant.

Clifton V. Edwards and Frank A. Bower, both of New York City (Newman F. Presson, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge; and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Pat-

ent Office, affirming a decision of the Examiner of Interferences, awarding priority of invention of the issue to appellee.

The counts in issue are three in number and constitute claims 1, 4, and 5 of Priess patent, No. 1,499,403, issued on July 1, 1924, on an application filed December 5, 1921. The said counts are also claims 1, 2, and 3 of the Dubilier application involved in this interference, being copied from said Priess patent, said application having been filed on September 6, 1924; said Dubilier application is a division of an original application filed May 24, 1921, upon which patent No. 1,575,044 was issued to Dubilier on March 2, 1926.

In his preliminary statement, Priess alleged a date of conception of the invention involved in the counts as of "on or about the first day of July, 1921."

No serious contention is made by Priess here that Dubilier's application here involved is not a true division of his prior application; since Priess' date of conception set up in his preliminary statement is subsequent to the filing date of Dubilier's original application, the sole question before us is whether Dubilier can make the claims constituting the counts in issue.

These counts read as follows:

"1. An electrical condenser comprising a plurality of stacks of sheets, a common metal casing for said plurality of stacks by which casing said stacks are connected in series; and a corresponding number of condenser terminals extending from the stacks through the casing and insulated therefrom.

"2. In an electrical condenser, a plurality of stacks, a metal clamping member surrounding said stacks and electrically connecting them in series and terminals electrically connected to said stacks.

"3. In an electrical condenser, a plurality of stacks, each comprising a number of sections connected in series, a metal clamping member surrounding said stacks and electrically connecting them in series at adjacent ends thereof and terminals electrically connected to the opposite ends of the stacks."

The invention relates to condensers consisting of what are called "stacks," each stack being composed of a number of sections which are connected in series; these sections are constructed in the familiar manner, being composed of tinfoil and a dielectric such as mica. While it is not easy to present an adequate idea of the structures

of the parties without the aid of drawings, the important features of them may be summarized as follows:

In the Priess structure there is a metallic casing which is divided through the center into two chambers. In each chamber there are two stacks, made up as hereinbefore indicated; the stacks in each chamber being positioned end to end, and the two stacks in one chamber being substantially parallel in position to those in the other. Between the stacks in each chamber is a central "pressure member," against which the stacks abut and to which they are electrically connected; these two pressure members are insulated from the metal casing, and into each there is threaded a terminal which is led through the outside casing, these two terminals being the means of connecting the condenser to an external circuit. The outermost ends of the four stacks, or those adjacent the walls of the metallic casing, are electrically connected to pressure plates, said plates being such that, by turning a screw, high pressure can be exerted on the stacks; these pressure plates are not insulated from the casing. The result of this construction is that, when an external circuit is connected to the terminals aforementioned, the four stacks are divided into two pairs, each pair being connected in series through the medium of the metal casing connecting them at their outer ends, and the two pairs themselves are connected in parallel. Thus there is obtained a series-parallel arrangement of the four stacks.

In the Dubilier structure, there are also four stacks, numbered 3, 4, 5, and 6, said stacks being in line in a single chamber casing of metal. The specification states that terminals, or taps, are connected between each pair of stacks, said terminals to be brought through the casing, as is the case in Priess. The outer ends of stacks 3 and 6 are connected to the casing; accordingly, when an external circuit is connected to the taps connected between stacks 3 and 4 and between 4 and 5, for example, the arrangement arrived at in the Dubilier structure is also a series-parallel circuit, stack 3 being connected through the casing in series with stacks 5 and 6, and stack 4 being in parallel with this series of three stacks.

Priess' contention is that the number of stacks which must be connected in series by the casing is the same number as are clamped by said casing; he argues that stack 4 is indispensable in Dubilier to obtain the clamping, and that, with said stack present, the structure does not respond to the counts since stack 4 is not in series with the others.

The tribunals of the Patent Office held that the counts call for a number of stacks clamped within a metal casing, which stacks are connected in series by means of the metal casing. It was held that there could not be a limitation read into the counts that all of the stacks within the chamber be connected in series, but that it is sufficient if a number, two or more, be so connected. The Board of Appeals held that the Dubilier original application discloses that stacks 3 and 6 are connected in series by means of the metal casing.

In accordance with the well-established rule, we have held that the counts of an interference should be given the broadest interpretation which they will reasonably support, and limitations may not be read into them for the purpose of changing the plain import of their terms. Deibel v. Heise & Schumacher, 46 F.(2d) 570, 18 C. C. P. A. 907.

Appellant deliberately chose the language embodied in these counts, and it is fair to assume that, if he had intended that they should be limited as he now claims, he would have employed language that clearly accomplished such purpose.

We find no error in the finding of the Board of Appeals and other tribunals of the Patent Office that appellee had the right to make the claims constituting the counts in issue.

The decision of the Board of Appeals is affirmed.

Affirmed.